ROBERT P. SMITH, Jr., Chief Judge.
The appellant hospital, self-insured under chapter 440, appeals a compensation award contending, principally, that there is no competent evidence on which the deputy might have found that claimant’s herniated disc, operated successfully in December 1980, was caused by her work-related accident in October 1979. The deputy could not have so found, the argument goes, because claimant’s pain complaints were confused and five doctors thought claimant had some other organic difficulty, or none at all. Yet claimant’s evidence showed a continuous pattern of radiating pain, recorded by the examining and treating physicians, and a competent surgeon’s unqualified opinion that the herniated disc was the cause of claimant’s pain and disability.
The proof of his diagnosis was that the pain claimant suffered for months before disappeared instantly by disc surgery.
The employer’s claim, that the deputy’s finding is without substantial competent evidence, is itself insubstantial if not frivolous. Gold Coast Paving Co. v. Fonseca, 411 So.2d 259 (Fla. 1st DCA 1981), is plainly distinguished on the facts. A physician’s reasoned opinion is no less capable of supporting the deputy’s order because his testimony was by deposition, as is the case in so many contested workers’ compensation matters. We will not retry the case and speculate upon the weight of evidence, and the credibility of witnesses, simply because some of the testimony, or all of it, was by deposition.
AFFIRMED.
McCORD and MILLS, JJ., concur.